# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE BROWNLEE, | Case No. 1:16-cv-00244-SAB-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| M.E. SPEARMAN, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

On July 7, 1980, Petitioner pleaded guilty to second-degree murder (count 1) and robbery (count 2) in the Fresno County Superior Court. He also admitted to firearm enhancements as to both counts. (ECF No. 1 at 76).[1] On August 4, 1980, Petitioner was sentenced on count 1 to a term of imprisonment of fifteen years to life with the two-year firearm enhancement to run consecutively. The sentence on count 2 was stayed. (Id.).

On March 15, 2013, the minute order of the August 4, 1980 sentencing hearing was corrected to reflect that Petitioner was sentenced on count 1 to fifteen years to life plus two years for the firearm enhancement, and that the sentence on count 2 and its enhancement were stayed.

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

1  (ECF No. 1 at 76). That same day, an amended abstract of judgment was filed, which purported
2  to reflect the same. However, with respect to the sentence on count 1, the amended abstract had
3  both of the following boxes checked: "LIFE WITHOUT THE POSSIBILITY OF PAROLE on
4  count[] 1" and "15 years to Life on count[]1." (Id.).

5        Thereafter, Petitioner filed a petition for writ of coram nobis in the state trial court, which
6  was denied on April 10, 2014. Petitioner filed a notice of appeal on April 21, 2014. (ECF No. 1
7  at 77). The California Court of Appeal, Fifth Appellate District dismissed the appeal on
8  November 18, 2015, but directed the trial court to issue an amended abstract of judgment that
9  reflects Petitioner's sentence on count 1 as fifteen years to life. (Id. at 78).

10       On February 22, 2016, Petitioner filed the instant petition for writ of habeas corpus
11 wherein he challenges the sentence imposed on August 4, 1980. (ECF No. 1). Petitioner contends
12 that he did not plea to a life sentence and that he has been denied due process of law since the
13 records and transcript of his plea hearing have been destroyed.

## II.

## DISCUSSION

16       Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a
17 habeas petition and allows a district court to dismiss a petition before the respondent is ordered
18 to file a response, if it "plainly appears from the petition and any attached exhibits that the
19 petitioner is not entitled to relief in the district court." A federal court must dismiss a second or
20 successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The
21 court must also dismiss a second or successive petition raising a new ground unless the petitioner
22 can show that (1) the claim rests on a new, retroactive, constitutional right or (2) the factual basis
23 of the claim was not previously discoverable through due diligence, and these new facts establish
24 by clear and convincing evidence that but for the constitutional error, no reasonable factfinder
25 would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)–(B).

26       However, it is not the district court that decides whether a second or successive petition
27 meets these requirements. Section 2244(b)(3)(A) provides: "Before a second or successive
28 application permitted by this section is filed in the district court, the applicant shall move in the

appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in the district court. See Felker v. Turpin, 518 U.S. 651, 656–657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Burton v. Stewart, 549 U.S. 147, 157 (2007).

In the instant petition, Petitioner challenges his sentence that was imposed on August 4, 1980. Petitioner has filed multiple federal habeas petitions in this Court challenging the same sentence. See Brownlee v. Pliler, No. 1:01-cv-06120-OWW-SMS (dismissed as untimely); Brownlee v. Kane, No. 1:05-cv-00949-OWW-SMS (dismissed as unauthorized successive petition); Brownlee v. Kramer, No. 1:06-cv-00320-OWW-SMS (same); Brown Lee v. Felker, No. 1:09-00765-OWW-SMS (same); Brownlee v. Rommoro, No. 1:14-cv-01990-LJO-SAB (same); Brownlee v. Nackley, No. 1:16-cv-00125-LJO-MJS (findings and recommendation recommending dismissal as unauthorized successive petition).[2]

A second-in-time habeas petition filed after a new, intervening judgment is not "second or successive" under § 2244(b) even though it challenges portions unchanged from the original judgment. Wentzell v. Neven, 674 F.3d 1124, 1126–28 (9th Cir. 2013). Here, on November 18, 2015, the California Court of Appeal, Fifth Appellate District ordered the trial court "to issue an amended abstract of judgment that reflects defendant's sentence on count 1 as 15 years to life (*not* life without the possibility of parole)." (ECF No. 1 at 78). However, the Ninth Circuit has recognized that "an amendment to an abstract of judgment is a clerical change in California, not a new judgment." Johnson v. Duffy, 591 F. App'x 629, 629–30 (9th Cir. 2015) (citing People v. Mitchell, 26 Cal.4th 181, 185 (2001) ("An abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize.")).

Accordingly, the Court finds that the instant petition is "second or successive" under

---

[2] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

§ 2244(b), and Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file this petition. Petitioner previously filed multiple federal habeas petitions in this Court challenging the sentence imposed on August 4, 1980, which were dismissed as untimely or successive. As Petitioner has not obtained prior leave from the Ninth Circuit to file this successive petition, this Court has no jurisdiction to consider Petitioner's renewed application for relief under 28 U.S.C. § 2254 and must dismiss the petition. See Burton, 549 U.S. at 157.

### III.

### RECOMMENDATION AND ORDER

Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED as successive. Further, the Court DIRECTS the Clerk of Court to assign a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 3, 2016**

_____
UNITED STATES MAGISTRATE JUDGE